IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-10112-01-JTM |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD BEASLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MOTION TO SUPPRESS FRUITS OF AN UNLAWFUL SEARCH
## AND STATEMENTS INCIDENT TO ARREST

Comes now the defendant, Gerald Beasley, and moves the Court for an order suppressing fruits of an unlawful search and his statements incident to his arrest on June 12, 2013, following a vehicle stop pursuant to a vehicle seizure warrant.

### I.     Factual Background

1.  Defendant was indicted with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on June 19, 2013 (Doc 7).  On December 4, 2013, a 23 count Superseding Indictment (Doc. 43) was filed with allegations including conspiracies to distribute controlled substances, bank fraud, firearm violations and money laundering.

2.  On April 4, 2014, a 34 count, 51 page Second Superseding Indictment (Doc. 50) was filed against 11 more defendants. The Second Superseding Indictment charged additional allegations against Defendant Gerald Beasley which included bank fraud, conspiracy of program fraud as well as allegations of forfeiture for vehicles, currency, real

property and firearms.  Gerald Beasley has been on pretrial release during the pendency of this case.

3.   This case involves a significant amount of discoverable material including wiretaps, bank/financial records and spreadsheets.  Motions to suppress wiretap evidence have been filed.  During the time period alleged in the Indictment, Gerald Beasley resided in Wichita, Kansas, owned and operated Tiara's Place Restaurant, and was well known to Officer Robert G. Bachman, the officer responsible for initiating the vehicle and the unlawful search of Gerald Beasley.

4.   On June 10, 2013, a seizure warrant in this Court's Case No. 13-01220-KHV was issued for Gerald Beasley's 2007 Lincoln Navigator, VIN: 5LMFU28537LJ20453. No arrest warrant had been issued for Gerald Beasley.

5.   Officer Bachman's patrol area is in the vicinity of Gerald Beasley's residence. Officer Bachman is very familiar with Gerald Beasley, has had interaction with him in the past, including an arrest in which charges were never filed.   Officer Bachman previous experiences with Gerald Beasley were that Gerald Beasley was respectful and cooperative.

6.   At approximately 8:45 a.m. - 8:50 a.m., Officer Bachman received notice from ATF Agents that Gerald Beasley departed his residence in the 2007 Lincoln Navigator and was told to stop him.  Officer Bachman caught up with Gerald Beasley's vehicle and initiated his emergency equipment causing Gerald Beasley to pull over to the side of the road. When Officer Bachman approached his car, Gerald Beasley rolled down his window.  Gerald

Beasley placed his arm on the door's window edge.  At that time, Officer Bachman held on to Gerald Beasley's wrist.  Gerald Beasley inquired of Officer Bachman what was this all about.  Officer Bachman advised Gerald Beasley that they will be here shortly.

7.  As Officer Bachman continued to hold onto Gerald Beasley's wrist and again advised him they will be here soon in response to Gerald Beasley's second request as to the reason for the stop, Gerald Beasley was not free to leave.  Officer Bachman then told Gerald Beasley to get out of his vehicle.  Officer Bachman released Gerald Beasley's wrist long enough for Gerald Beasley to step out of his vehicle.  Upon his exiting his vehicle, Officer Bachman immediately reasserted his control of Gerald Beasley by grabbing onto his wrist.

8.  While still under the custody and control of Officer Bachman who was awaiting the arrival of the ATF Agents, Gerald Beasley asked Officer Bachman for the third time what was going on.  In response, Officer Bachman asked Gerald if he had any weapons.  Gerald Beasley replied yes.  He told Officer Bachman that he had a 22 pistol in his front pocket. Officer Bachman did a pat-down of Gerald Beasley.  Gerald Beasley remained within Officer Bachman custody and control throughout the day.  When Officer Bachman was subsequently advised that Gerald Beasley would be booked for possession of the firearm after felony conviction he continued to maintain custody and control without advising him of his Miranda rights.

9.  According to Officer Bachman, Gerald Beasley made several comments to him prior to being booked.  Officer Bachman then proceeded to book Gerald Beasley at the Adult

Detention Facility. Upon his being booked, Officer Bachman took property from Gerald person including a billfold and one credit card holder.  As a result of the warrantless search and arrest of Gerald Beasley, the government has produced items of evidence seized including credit cards, ID's, different person's Vision cards, a pocket knife, and the 22 caliber Derringer which he had taken from him initially.  According to the officer, Gerald Beasley made several incriminating statements.

### II.    Legal Arguments and Authorities

The government bears the burden of proof to justify warrantless searches and seizures. *United States v. Maestas,* 2 F.3d 1491 (10th Cir. 1993). Although Officer Bachman had a valid reason to stop Gerald Beasley for the seizure of the 2007 Lincoln Navigator, restraining and  detaining him constitutes a seizure within the meaning of the Fourth Amendment.  To evaluate the constitutionality of police conduct after that stop, a step-by-step examination of the encounter is necessary to determine whether the government had the required amount of reasonable suspicion, probable cause, or consent to support the officer's actions. *United States v. Lee*, 73 F.3d 1034, 1038 (10th Cir. 1996).  Those actions include:

(1)  the initial stop of Gerald Beasley's vehicle for seizure;
(2)  restraining Gerald Beasley;
(3)  advising him they will be here shortly;
(4)  having Gerald Beasley exit his vehicle;
(5)  reasserting his restraint of Gerald Beasley;
(6)  asking Gerald Beasley if he had any weapons;
(7)  a pat-down of Gerald Beasley; and
(8)  continual custody and control of Gerald Beasley during the execution of the search warrant at Tiara's Place Restaurant (1339 Hillside) and 1122 N. Piatt.

4

Officer Bachman's intent when he stopped Gerald Beasley, even before asking any questions, was that Gerald Beasley would not be free to go.  From the time Gerald Beasley was pulled over, he was never free to go, first by Officer Bachman's physical restraint and control, second by being placed in the back of the ATF car, third by being taken and detained during the execution of several search warrants where he was surrounded by numerous law enforcement agents, including the ATF and  DEA, and fourth when taken to the Adult Detention Facility for booking.

The Tenth Circuit has held that the reasonableness standard is irrelevant to *Miranda* custody determinations; a stop can be reasonable under *Terry* and the suspect can nevertheless be in custody under *Miranda. United States v. Perdue,* 8 F.3d 1455, 1464-1465 (1993). However, this was not a *Terry* stop and not a routine traffic stop which are exempt from *Miranda*. Officer Bachman had reason to pull over Gerald Beasley for the seizure of the 2007 Lincoln Navigator, but from the initial encounter with Officer Bachman, Gerald Beasley was in custody for *Miranda* purposes and should have been advised of his *Miranda* rights before being asked if he had any weapons.

In *U.S. v. Dejear*, 552 F.3d 1196 (2009), the Tenth Circuit adopted the Sixth Circuit's public safety exception in *New York v. Quarks,* 467 U.S. 649, 104 S.Ct. 2626, when an officer may question a suspect in custody without first giving *Miranda* warnings holding that for the public safety exception to apply, "[a]n officer must have reasonable belief that he is in danger, at minimum, he must have a reason to believe (1) that the defendant might have

(or recently have had) a weapon, and (2) that someone other than police might gain access to that weapon and inflict harm with it." *United States v. Williams*, 483 F.3d 425, 428 (6th Cir. 2007).

In this case, Officer Bachman's report does not indicate any knowledge that Gerald Beasley may have been carrying a weapon.  Officer Bachman was familiar with Gerald Beasley and did not express any concern for his own safety until <u>after</u> he had asked Gerald Beasley if he had any weapons and then received an affirmative response.  Although Gerald Beasley was a target suspect of an investigation, no arrest warrant had been issued for him at the time he was stopped.  He was not suspected of being in commission of a crime at that point in time and Officer Bachman had not been instructed to arrest him.  He was merely charged with initiating the stop for the seizure of the 2007 Lincoln Navigator.  No where in his report does he cite that he was told to physically restrain Gerald Beasley upon the successful stop for the vehicle.

### III.    Conclusion

Officer Bachman had the authority to seize the 2007 Lincoln Navigator, not Gerald Beasley.  Under the circumstances, Gerald Beasley should have been free to simply walk away from the vehicle if he so desired.  However, the actions of the officer clearly prevented him from doing so resulting in an unlawful detention.

WHEREFORE, Defendant Beasley moves the Court for an order in conformity with

the above and foregoing Motion and such other and further relief as the Courts deems just.

Counsel respectfully requests a hearing and oral argument on this motion.

RESPECTFULLY SUBMITTED,


s/Michael D. Hepperly
MICHAEL D. HEPPERLY, KSB# 09542
Michael D. Hepperly Law Office, Chtd.
310 W. Central, Suite 119
Wichita, KS 67202
Tel: (316) 267-5330
Fax: (316) 267-6589
Email: mhepperly@aol.com
*ATTORNEY FOR DEFENDANT*
*Gerald Beasley*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2015, I caused to be electronically filed, the foregoing **MOTION TO SUPPRESS FRUITS OF AN UNLAWFUL SEARCH AND STATEMENTS INCIDENT TO ARREST**  with the Clerk of the Court by using the CM/ECF  system which will send a notice of electronic filing to all parties of record.


s/Michael D. Hepperly
MICHAEL D. HEPPERLY