IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATE OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v.                                        ) | Case No. 13-10112-10-JTM |
| ) | |
| STEVEN SMALLWOOD, ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**DEFENDANT STEPHEN SMALLWOOD'S MEMORANDUM
REGARDING THE *JAMES* HEARING**

COMES NOW the Defendant, Steven Smallwood by and through his attorney, Roger L. Falk, of Law Office of Roger L. Falk, P.A., and submits the following Memorandum to aid the Court in ruling on the admissibility of statements sought to be used by the government as stated at the *James* Hearing.

**INTRODUCTION**

Steven Smallwood has been charged in the Second Superseding Indictment (Doc. 50), with a single charge, Count 17 – Conspiracy to Distribute and to Possess with Intent to Distribute Heroin (named co-conspirators: Gerald Beasley, Antoine Beasley and Terry Beasley. With regard to the conspiracy count, Steven Smallwood and his co-defendants are charged with knowingly and intentionally conspiring with each other and with other persons *both known and unknown.*

The government may seek at trial to introduce prior out of court statements by the co-defendants and possibly other unnamed individuals, and "others known and unknown to the

Grand Jury" under the so-called "coconspirator" exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E). Counsel for Steven Smallwood submits that the government has not met the strict foundational requirements for admitting such statements, and therefore any such statements must be ruled inadmissible.

ARGUMENT AND AUTHORITIES

**The Government Failed to Prove the Relevant Preliminary Facts Necessary to Admit Any Coconspirator Hearsay Against Steven Smallwood**.

The Federal Rules of Evidence prohibit the admission of hearsay, with limited exceptions. Fed. R. Evid. 802. The Rules define some classes of statements as nonhearsay, and thus admissible, including a statement that "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

> Before admitting evidence under this rule, "'The court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.'"

*United States v. Owens,* 70 F. 3d 1118 at 1123 (10th Cir. 1995), *citing United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir.) (quoting *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990, *cert. denied*, 498 U.S. 1050, 112 L. Ed. 2d 781, 111 S. Ct. 761 (1991)), *cert. denied*, 115 S. Ct. 455 (1994.)

"The party seeking to introduce hearsay testimony under this Rule bears the burden of proving the relevant preliminary facts." *United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir. 1993) (*en banc*). The court may consider the hearsay statement itself, as well as independent factors, in determining whether the government has established a conspiracy by a preponderance

of the evidence. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998), *cert denied*, 526 U.S. 1033 (1999). *See also* Fed. R. Evid. 801(d)(2) ("The contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)."). There must be "some independent evidence linking the defendant to the conspiracy." *Owens*, 70 F.3d at 1125.

The Tenth Circuit has cautioned that Rule 801(d)(2)(E) "is a limitation on the admissibility of coconspirators' statements that is meant to be taken seriously." *Perez*, 989 F.2d at 1578 (mandating a strict construction of the Rule's foundational requirements). Under these strict guidelines, the government will fail to provide an adequate foundation for admitting any statements of the above mentioned individuals, or the *known*, but not identified coconspirators, under the coconspirator exception to the hearsay rule.

**The government failed to prove the existence of the alleged conspiracies**.

Before attempting to show that Steven Smallwood was a member of the alleged conspiracy, the government must first prove by a preponderance of evidence that a conspiracy existed. Proof of a conspiracy requires:

> "(1) that two or more persons agreed to violate the law, (2) that the defendant knew at least the essential objects of the conspiracy, (3) that the defendant knowingly and voluntarily became a part of it, and (4) that the alleged coconspirators were interdependent."

*United States v. Anaya*, 717 F. 3d 1043, 1050, 565 (10th Cir. 2013); *citing, United States v. Caldwell*, 589 F. 3d 1323, 1329 (10th Cir. 2009). "The gist of the offense of conspiracy . . . is

*agreement* among the conspirators." *United States v. Falcone*, 311 U.S. 205, 210 (1940) (emphasis supplied). To find a single conspiracy, the court must be convinced that "the alleged coconspirators possessed a common, illicit goal." *United States v. Owens*, 70 F.3d 1118, 1126 (10th Cir. 1995).

Counsel for Steven Smallwood submits that the government failed to prove by a preponderance of evidence that any alleged conspiracy existed among any of the defendants or others. Evidence presented suggests that there was no agreement among the individuals concerning the alleged conspiracy investigated in this matter and that those individuals did not possess a common, illicit goal. Rather, at best, there were multiple individuals and/or groups of individuals operating separately and independently from each other.

**The government failed to prove that Steven Smallwood was a member of the Alleged Conspiracy.**

The government failed to prove by a preponderance of evidence that Steven Smallwood was a member of the single conspiracy with which he was charged. In order for Steven Smallwood to be declared a member of a conspiracy, the government must show that he both "knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action." Devitt, Blackmar and O'Malley, *Federal Jury Practice and Instructions* (Vol. 2) at § 28.05 (4th ed. 1990). The Tenth Circuit has described the membership element of conspiracy as follows:

> This court has often noted that the essence of the crime of conspiracy is an agreement to violate the law. . . . While the agreement need not take any particular form, there must at some point be a meeting of the minds in the common design, purpose, or objects of the conspiracy. One cannot become a conspirator until he has entered such an agreement. . . . [M]ere knowledge or approval of or acquiescence in the object and purpose of a conspiracy without an

>agreement to cooperate in achieving such object or purpose does not make one a party to a conspiracy.

*United States v. Butler*, 494 F.2d 1246, 1249 (10th Cir. 1974) (reversing three defendants' convictions for conspiracy to convert government property where, as to one, there was "no suggestion that [defendant] was ever aware of any specific plan" to commit the object crime; as to another, "we find no evidence of [defendant's] agreement to cooperate or of his actual cooperation"; and as to the third, evidence failed to show knowledge or agreement).

The government failed to show that Steven Smallwood had knowledge of any alleged illicit agreement entered into by any of the other codefendants. Moreover, the government failed to show Mr. Smallwood entered into any agreement with the intent to achieve the groups' illicit objects. Federal courts have emphasized the agreement aspect of this foundational requirement, and cautioned that mere association with a conspiracy will not be sufficient to prove an agreement. *See United States v. Beckham*, 968 F.2d 47, 51 (D.C. Cir. 1992) ("mere physical proximity and friendship" insufficient to support finding of conspiracy required for admission of statement under coconspirator exception); *United States v. Arvanitis*, 902 F.2d 489 (7th Cir. 1990) (government failed to prove defendant "intended to join and associate himself with [the conspiracy's] criminal design and purpose" sufficient to admit statements under coconspirator exception); *United States v. Whalen*, 844 F.2d 529 (8th Cir. 1988) (insufficient evidence of agreement to warrant admission of statement under coconspirator exception); *United States v. Silverman*, 861 F.2d 571 (9th Cir. 1988) ("evidence of wholly innocuous conduct or statements by the defendant will rarely be sufficiently corroborative of the coconspirator's statement to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy"; evidence that the defendant "merely associated with a member of a

conspiracy" insufficient to admit statements under coconspirator exception). The analyses in these cases with respect to the foundational requirements for admitting evidence under the coconspirator exception to the hearsay rule are consistent with the Tenth Circuit's approach in substantive conspiracy cases:

> mere presence, as a passenger, in a car found to be carrying drugs is insufficient to implicate the passenger in the conspiracy. . . . Likewise, mere association with conspirators does not support a conspiracy conviction.

*United States v. Jones*, 44 F.3d 860, 865-66 (10th Cir. 1995) (evidence of defendant's mere presence in car containing 200 kilograms of hidden cocaine and association with drug-dealing cousin insufficient to sustain conspiracy conviction).

The evidence presented by the government consisted of a single telephone conversation between Mr. Smallwood and Gerald Beasley on March 30, 2013. A copy of the transcript of that conversation is attached as Exhibit "A." Special Agent Fuller admitted that nowhere in that conversation is heroin even mentioned. (Transcript page 286, attached hereto as Exhibit "B.") The government claims Mr. Smallwood in mentioned in another conversation between Anita Burkley and Gerald Beasley on April 2, 2013. A copy of the transcript is attached hereto as Exhibit "B." Despite the testimony of Special Agent Fuller on direct examination, the exhibit reveals Mr. Smallwwood is never mentioned in the conversation. In Fact, Mr. Smallwood is not even mentioned in the remainder of the alleged conspiratorial statement offered against him. (Transcript pages 282 through 291 attached as Exhibit "C".) The glaring lack of evidence offered by the government precludes the admission of any of the statements offered.

In this case, Steven Smallwood's association with, Gerald Beasley, cannot be said to constitute proof, by a preponderance of evidence that Steven Smallwood knew of, participated

in, and intended to further the goals of the single alleged illicit conspiracy of which he is accused.

**The government failed to prove that its proffered statements were made in furtherance of the specific conspiracy of which Steven Smallwood is charged**

Even assuming this Court finds that a conspiracy existed and Steven Smallwood was a member that specific conspiracy, counsel would request that this Court strictly apply the requirement that any statements proffered by the government under the coconspirator exception to the hearsay rule be made in furtherance of the alleged conspiracy. As the Tenth Circuit has instructed:

> The "in furtherance" requirement embodies the drafters' "desire to strike a balance between the great need for conspirators' statements in combating undesirable criminal activity which is inherently secretive and difficult of proof, and the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence." Weinstein's Evidence at 801-311 to -312 (footnotes omitted).
>
> The drafters' decision to retain the "in furtherance" requirement in adopting Rule 801(d)(2)(E) and to reject "'the Model Code -- Uniform Rule approach [which scrapped the requirement] should be viewed as mandating a construction of the "in furtherance" requirement protective of defendants, particularly since the Advisory Committee was concerned lest relaxation of this standard lead to the admission of less reliable evidence'". . . . A number of circuits have consequently construed this requirement strictly. . . .
>
> We applied the "in furtherance" test narrowly in *United States v. Wolf*, 839 F.2d 1387 (10th Cir. 1988) . . . when we held that statements are not in furtherance of the conspiracy if they are "mere narratives", that is "'statements relating to past events, even those connected with the operation of the conspiracy where the statement serves no immediate or future conspiratorial purpose,'". . .

*United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993) (internal citations omitted); *see also United States v. Gutierrez*, 48 F.3d 1134 (10th Cir. 1995) ("In general, mere narratives between coconspirators or narrative declarations of past events are not 'in furtherance'"); *United States v. Urbanik*, 801 F.2d 692 (4th Cir. 1986) (coconspirator's statement was merely a casual aside and

therefore not "in furtherance of" drug conspiracy so as to be admissible under coconspirator exception); *United States v. Fielding*, 645 F.2d 719 (9th Cir. 1981) (hearsay declarations of coconspirators made to impress undercover officer in order to facilitate new conspiracy that did not include defendant were not "in furtherance of" charged conspiracy).

Consistent with these authorities, counsel for Steven Smallwood would request that the Court not admit any alleged coconspirator statements which were merely "idle chatter," "casual asides," or "mere narratives."

**The Admission of Alleged Coconspirator Hearsay Will Violate Steven Smallwood's Constitutional Right to Confrontation**.

While counsel recognizes that the federal courts have thus far rejected constitutional challenges to evidence held admissible under Rule 801(d)(2)(E), *see United States v. Molina*, 75 F.3d 600 (10th Cir. 1996); *United States v. Urena*, 27 F.3d 1487 (10th Cir. 1994), in order to preserve this objection, counsel submits that any hearsay testimony of coconspirators who are not available for cross-examination at trial would violate Steven Smallwood's rights under the confrontation clause of the Sixth Amendment to the United States Constitution and *Crawford v. Washington*, 541 U.S. 36, 158 L.Ed.2d 177, 124 S.Ct. 1354 (2004).

## CONCLUSION

While the government may be able to establish a conspiracy between some of the defendant's in this case, the government has failed to establish that Stephen Smallwood was involved in the single conspiracy in which he was charged. The statements being sought to be used against Mr. Smallwood were not made in furtherance of the conspiracy and are not admissible.

WHEREFORE, the Defendant, Stephen Smallwood, by and through his attorney, respectfully moves this Court to exclude the statements offered in this case against Stephen Smallwood.

        Respectfully submitted,

        LAW OFFICE OF ROGER L. FALK, P.A.

        By: /s/ Roger L. Falk
            Roger L. Falk, Ks.Sp.Ct. #09972
            301 West Central Avenue
            Wichita, Kansas 67202-1077
            Telephone: (316) 265-5115
            Fax: (316) 265-5183
            E-Mail: roger_falk@sbcglobal.com
            Attorney for Defendant,
            Steven Smallwood

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

        s/ Roger L. Falk
        ROGER L. FALK, #09972
        301 West Central
        Wichita, Kansas 67202
        (316) 265-5115
        Fax (316) 265-5183
        roger_falk@sbcglobal.com

C:\Users\Owner\Documents\Criminal\Smallwood, Stephen\James Hearing Materials\Memo in Support of James Hearing Motion.wpd