IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                      Case No. 13-10112-01-JTM

GERALD BEASLEY,
    Defendant.

MEMORANDUM AND ORDER

Defendant Gerald Beasley, sentenced to a term of imprisonment of 108 months (Dkt. 588) on November 20, 2017, now seeks credit for the time he was under house arrest prior to his conviction. (Dkt. 617).

Defendant's request is denied for two reasons. First, the court lacks jurisdiction to modify his 108 month sentence. Under 18 U.S.C. § 3582(c), a court may amend a sentence only (1) upon a motion by the Bureau of Prisons (BOP), (2) where allowed by statute or by Fed.R.Crim.Pr. 35, or (3) after the United States Sentencing Commission has lowered the applicable Guideline range. The first and last of these conditions are plainly inapplicable. And Rule 35 provides for correction of an error only if the request is made within 14 days of sentencing. The defendant's request here was made two months after sentence was imposed, and fails to show any clerical or other error in the calculation of the sentence.

Second, even if the court had jurisdiction, the defendant's request fails on the merits. Pursuant to 18 U.S.C. § 3585, the BOP calculates a term of imprisonment starting from defendant's arrival at an "official detention facility at which the sentence is to be served." Generally, time served in pretrial detention is not considered "official detention" within the meaning of the statute. *McAlpine v. Kindt*, 1996 WL 71506 (10th Cir. Feb. 20, 1996). *See Reno v. Koray*, 515 U.S. 50, 65 (1995) (holding that time spent at community treatment center was not "official detention"); *Rodriguez v. Lamer*, 60 F.3d 745, 747–48 (11th Cir. 1995) (time spent under house arrest is not "official detention" under § 3585(b)).

IT IS ACCORDINGLY ORDERED this 2nd day of March, 2018, that the defendant's Motion for Calculation (Dkt. 617) is hereby denied.

                                                                        s/ J. Thomas Marten
                                                                        J. THOMAS MARTEN, JUDGE