IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          Plaintiff,

      vs.                                                                   No. 13-10112-01-JTM

GERALD BEASLEY,
          Defendant.

MEMORANDUM AND ORDER

The matter is now before the court on defendant Gerald Beasley's motions for compassionate release under 18 U.S.C. § 3582(c)(l)(A).[1] Beasley argues the court should reduce his sentence in light of his age, his medical condition, and the risk he faces from the COVID-19 virus. The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if a defendant otherwise shows that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

At 65 years of age, Beasley is an older individual. He suffers from diabetes, obesity and hypertension. Collectively, these underlying conditions do render Beasley

---

[1] In addition to his original *pro se* motion to join (Dkt. 732) a similar motion filed by co-defendant Antoine Beasley, the defendant has recently submitted a further *pro se* pleading (Dkt. 763) which (although denominated as an additional motion by the Clerk of the Court) is more in the nature of a Reply in support of the main compassionate release motion. (Dkt. 750). The court resolves all pending motions by the present Order.

more susceptible to serious injury in the event he contracts the COVID-19 virus. While the government contends that Beasley's actual conditions "do not appear to be severe and irremediable," it still ultimately agrees that the defendant has "nonetheless demonstrated medical conditions that qualify as compelling and extraordinary" for potential release under § 3582. (Dkt. 762, at 14).

However, as indicated earlier, a defendant may be granted compassionate release only where the result would not run counter to the Section 3553 factors governing an appropriate sentence. Here, the defendant's Reply (Dkt. 764, at 7) accurately notes the government's concession that Beasley "does not necessarily pose a direct and immediate danger to society at large." However, a direct danger to society is only one of the factors to be considered under Section 3553, and the Reply wholly ignores the second half of the sentence quoted from the government's brief—that release under these circumstances "would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law." (Dkt. 762, at 15). These additional Section 3553 factors, especially the seriousness of the underlying offenses, are largely unaddressed in the defendant's original Motion (Dkt. 750) and Reply (Dkt. 764).

The defendant was convicted for his involvement in a large scale narcotics operation. The defendant would purchase large amounts of cocaine, which he would store at a residence he owned on Piatt Street, repackage the cocaine into smaller amounts, and then distribute from the Piatt Street residence, or from a restaurant he

owned. When law enforcement searched the residence on June 12, 2013, they found 200 grams of cocaine, as well as heroin, crack cocaine, marijuana, and a firearm.

More importantly, the defendant was not convicted only of intentional drug trafficking. When the defendant was stopped leaving the Piatt Street residence, he had in his possession a High Standard Derringer handgun. The Factual Basis set forth in the Plea Agreement notes that "[d]uring the investigation law enforcement overhead a conversation in which the Defendant *admitted that he was carn;ing a firearm because of his drug dealing business*. This statement was corroborated by witnesses." (Dkt. 515, at 2; Dkt. 581, at 19-20) (emphasis added). Beasley further acknowledged in the Plea Agreement that he had the handgun "in the furtherance of a drug trafficking crime, in that he possessed it to protect himself, his product and his money while he distributed cocaine." (*Id.*)

This court has recently held—as to a similar motion filed by one of Beasley's codefendants—that participation in an extensive narcotics trafficking operation while armed with a firearm can preclude a release under § 3582, where the result would be to cause "a substantial departure" from a proper guideline sentence. *See United States v. Antoine Beasley*, 2020 WL 5077383, *1-2 (D. Kan. Aug. 27, 2020) (given extensive drug trafficking and firearm possession, "[t]he extensive and potentially violent nature of the defendant's criminal conduct counsel strongly against release").[2]

---

[2] Numerous other courts have reached the same conclusion. *See United States v. Taylor*, No. 4:17-CR-9(1), 2020 WL 5222797, at *5 (E.D. Tex. Sept. 1, 2020) (given the extent of defendant's drug activity and his

The defendant was sentenced to 108 months imprisonment on November 21, 2017, and is not scheduled to be released until July 15, 2025. The court finds no reason to depart from its ruling in *United States v. Antoine Beasley*. The court concludes that Gerald Beasley's release from prison now would produce a result that would fail to reflect seriousness of his offenses, the need to provide just punishment, and to promote respect for the law.

IT IS ACCORDINGLY ORDERED this day of September, 2020, that the defendant's § 3582-related motions (Dkt. 732, 750, 763) are hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge

---

possession of a handgun in connection with that activity, "the court cannot conclude that Taylor would not pose a danger to the safety of any other person or to the community, if released from confinement"); *United States v. Brewster*, No. 3:19-CR-44-JD-MGG, 2020 WL 5088586, at *3 (N.D. Ind. Aug. 28, 2020) (release would be inconsistent with § 3553(a) given defendant's possession of weapons, including "driving a vehicle with a loaded firearm under his seat"); *United States v. Neloms*, No. 18-CR-80154, 2020 WL 4794008, at *3 (S.D. Fla. Aug. 18, 2020) (agreeing with government's argument that possession of a firearm in connection with drug trafficking would preclude § 3582(c)(l)(A) release); *United States v. McGirt*, No. 4:16-CR-86 (4), 2020 WL 4044973, at *4 (E.D. Tex. July 17, 2020) (because "McGirt's offense of conviction entail his possession of firearms while an unlawful user of a controlled substance[,] the court cannot conclude that McGirt would not pose a danger to the safety of any other person or to the community"); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying release to defendant guilty of "possession of methamphetamine with intent to sell and being a felon in possession of a loaded semiautomatic handgun-serious and dangerous offenses").