IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                                                 No. 13-10112-01-JTM

GERALD BEASLEY,
        Defendant.

MEMORANDUM AND ORDER

On September 23, 2020, the court denied defendant Gerald Beasley's motions (Dkt. 144, 145) for compassionate release under 18 U.S.C. § 3582(c)(l)(A). Beasley has subsequently moved for reconsideration of the court's Order, emphasizing his medical condition includes factors placing him at risk of serious injury from the Covid-19 virus. The court finds the request for reconsideration should not be granted.

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that

previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Independent of Beasley's medical condition, as this court emphasized in its prior Order (Dkt. 765, at 2-4), compassionate release should not occur where an appropriate 18 U.S.C. § 3553(a) sentence was issued to address *violent* criminal activity. The court detailed the violent nature defendant's conduct in its earlier order. On this issue, the defendant's motion (Dkt. 767, at 5-7) simply presents re-argument in support of a failed position, and hence is not an appropriate basis for reconsideration. While the defendant also emphasizes his efforts at rehabilitation, the court at the time of sentencing presumed such efforts would occur during the course of incarceration.

The sentence imposed by the undersigned was an appropriate sentence under 18 U.S.C. § 3553(a), and materially shortening it now would result in a sentence which fails to reflect the seriousness of the offense, the relevant criminal history, and the need for the sentence to continue to provide just punishment and otherwise promote respect for the law.

IT IS ACCORDINGLY ORDERED this day of April, 2021, that the defendant's Motion for Reconsideration (Dkt. 767) is hereby denied.

<u>*J. Thomas Marten*</u>
J. Thomas Marten, Judge