IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No.  13-10112-1-JWB

GERALD BEASLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for sentence reduction. (Doc. 787.) The government opposes the motion.[1] (Doc. 789.) For the reasons provided herein, Defendant's motion is DENIED.

**I.    Facts**

On August 7, 2017, Defendant entered a guilty plea to one count of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime, and one count of 21 U.S.C. § 841(a)(1), possession of cocaine with the intent to distribute. (Doc. 515.) Pursuant to the Fed. R. Crim. P. 11(c)(1)(C) agreement, the parties recommended that Defendant be sentenced to a term of 108 months imprisonment. (*Id.*)  The court agreed with the recommendation and sentenced Defendant on November 21, 2017. (Doc. 588.) According to the Bureau of Prisons, Defendant's earliest possible release is July 15, 2025. (Doc. 789 at 2.)

On September 23, 2020, Judge Thomas Marten denied Defendant's motion for compassionate release on the basis that the sentencing factors did not support a reduction. (Doc. 765.) Defendant now renews his motion arguing that his immediate release is warranted due to

---

[1] Defendant has not filed a reply brief and the time for doing so has passed.

1

his long-term health problems after contracting COVID-19, his other health conditions, and the continuing COVID-19 pandemic. (Doc. 787.) Defendant is sixty-six years old and has ongoing health conditions including asthma, diabetes, obesity, and hypertension. (*Id.* at 3.) The government opposes the motion on the basis that the sentencing factors do not support a sentence reduction.

**II.      Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Now, a defendant may file his own motion if certain conditions have been met. The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[2] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

---

[2] The government does not dispute that Defendant has now administratively exhausted his claim. (Doc. 789 at 2-3.)

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

**III.    Analysis**

Concerning the first requirement under Tenth Circuity authority, Defendant argues that his health conditions, age, and the COVID-19 pandemic constitute extraordinary and compelling circumstances that justify a sentence reduction to time served. Due to Defendant's health conditions, the government states that Defendant "meets the necessary criteria for consideration of release" under this factor. (Doc. 789 at 8.) The court finds it unnecessary to determine whether Defendant's circumstances rise to the level of extraordinary and compelling circumstances because a sentence reduction is not consistent with the sentencing factors in 18 U.S.C. § 3553(a).

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Based on the plea agreement, Defendant was involved in large scale distribution of cocaine beginning in June 2013. Defendant stored cocaine at his residence and sold it from his home and a restaurant he owned. Defendant also carried a High Standard Derringer handgun because of his "drug dealing business." (Doc 581 at 20.) As noted by Judge Marten, this was a large scale narcotics operation involving cocaine and the search of his home revealed additional illegal substances including heroin, crack cocaine, and marijuana. (Doc. 765 at 2-3.)

Although Defendant recognizes the severity of his crimes, Defendant argues that he has not had any disciplinary incidents while incarcerated, completed several programs, and is sixty-six years old. Defendant's conduct while incarcerated is commendable. With respect to his age, the court is not persuaded that this is a factor to be weighed in his favor given that he was committing his crimes in this case when he was in his late fifties. This was a large scale drug distribution and Defendant carried a firearm in connection with the illegal operation. Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. Moreover, such a significant reduction would result in a sentence disparity as the court recently denied a similar motion by a co-Defendant. (*See* Doc. 792.)

The court finds that the imposed 108-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

## IV. Conclusion

Defendant's motion for sentence reduction (Doc. 787) is DENIED.

IT IS SO ORDERED. Dated this 6th day of December 2021.

\_\_ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE