IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No. 13-10112-1-JWB

GERALD BEASLEY,

     Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for compassionate release. (Doc. 805.) The motion has been fully briefed and is ripe for decision. (Docs. 806, 815.) For the reasons provided herein, Defendant's motion is DENIED.

### I.    Facts

On August 7, 2017, Defendant entered a guilty plea to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and one count of possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Doc. 515.) Pursuant to the Fed. R. Crim. P. 11(c)(1)(C) agreement, the parties recommended that Defendant be sentenced to a term of 108 months imprisonment. (*Id.*) The court agreed with the recommendation and sentenced Defendant on November 21, 2017. (Doc. 588.) According to the Bureau of Prisons, Defendant's earliest possible release is July 15, 2025. (Doc. 806 at 2.)

On September 23, 2020, Judge Thomas Marten denied Defendant's motion for compassionate release on the basis that the sentencing factors did not support a reduction. (Doc. 765.) On November 2, 2021, Defendant filed a second motion for compassionate release arguing that release was warranted due to his long-term health problems after contracting COVID-19, his

1

other health conditions, and the continuing COVID-19 pandemic.  (Doc. 787.)  The undersigned denied the motion on the basis that the sentencing factors did not support a sentence reduction. (Doc. 793.)  On March 2, 2022, the Tenth Circuit affirmed this court's decision.  (Doc. 798.)

On January 17, 2023, Defendant filed his third motion for compassionate release arguing for a reduction of his sentence to time served or home confinement because of his age, medical conditions, and an alleged lack of adequate medical care.

## II.     Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons [that] warrant such a reduction…."  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction.  *McGee*, 992 F.3d at 1041.  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted[1] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A).  *McGee*, 992 F.3d at 1042.  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other

---

[1] The government concedes that Defendant has exhausted his administrative remedies here.

requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking, and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

### III.    Analysis

Here, the court will proceed directly to the sentencing factors. Some of the sentencing factors the court must consider include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

As stated in a prior order, Defendant was involved in large scale distribution of cocaine beginning in June 2013. Defendant stored cocaine at his residence and sold it from his home and a restaurant he owned. Defendant also carried a High Standard Derringer handgun because of his "drug dealing business." (Doc 581 at 20.) As noted by Judge Marten, this was a large-scale narcotics operation involving cocaine and the search of his home revealed additional illegal substances including heroin, crack cocaine, and marijuana. (Doc. 765 at 2–3.) Notably, the search

warrant at one residence resulted in the seizure of "more than 200 grams of cocaine, as well as heroin, crack cocaine, marijuana, and another firearm." (Doc. 581 at 20.) Further, the search warrants of two residences and the restaurant resulted in the seizure of $346,000 in United States currency. (*Id.* at 17.) Defendant was given a sentencing enhancement for being an organizer or leader of the criminal activity. (*Id.* at 21.)

Although Defendant recognizes the severity of his crimes, Defendant argues that he has severe medical conditions and is elderly. With respect to his medical conditions, Defendant argues that he is not receiving sufficient medical treatment at the facility for his long haul COVID-19 symptoms. Defendant, however, fails to establish how he is not receiving adequate care. Defendant attached a number of medical records which suggest that he is receiving medical treatment. Moreover, although Defendant suggests in his motion that the prison medical staff is inadequate to treat his long haul COVID-19 symptoms, his reply brief suggests that the medical community in general is unsure as to how to treat these symptoms. (Doc. 815 at 1–2.) Therefore, he does not appear to suggest, or provide any evidence that, he would receive adequate care in the community. In sum, Defendant fails to specifically identify how he is being denied adequate care at the facility and the records support a finding that he is receiving care. With respect to his age, again, the court is not persuaded that this is a factor to be weighed in his favor given that he was committing his crimes in this case when he was in his late fifties.

Finally, Defendant argues that his co-Defendant Gerald Wilson was granted compassionate release in August 2020 and that he should similarly be granted release. (Doc. 805 at 2.) A review of the record shows that Judge Marten granted Wilson's motion for compassionate release because it was unopposed and he had significant health conditions that posed a risk in the middle of the COVID-19 pandemic. (Doc. 751.) Further, contrary to Defendant's argument that there is a

disparity as a result of Wilson's sentence reduction, Defendant and Wilson's convictions were not the same. Wilson pleaded guilty to a single count of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) and Wilson was not given an enhancement for being a leader or organizer in the criminal enterprise. (Doc. 483.) Defendant pleaded guilty to a drug count and a gun count and was identified as a leader or organizer of the criminal enterprise. Defendant's criminal conduct and circumstances are not sufficiently similar to Wilson such that release is appropriate here. Further, this court denied a motion for compassionate release filed by another co-Defendant in this case. (*See* Doc. 792.) Given Defendant's criminal conduct discussed herein, the court finds that reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment for the offense.

The court finds that the imposed 108-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

Finally, the court denies Defendant's request to allow him to finish the remainder of his sentence on home confinement. The court lacks authority to expand the use of home confinement. *See United States v. Wills*, No. 19-40019-03-DDC, 2022 WL 2390230, at *5 (D. Kan. July 1, 2022) (citing *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.")). Further, to the extent Defendant seeks an order modifying his sentence to time served and imposing an additional restriction of home confinement on his term of supervised release, the court declines to do so for the reasons set forth herein.

## IV.    Conclusion

Defendant's motion for compassionate release (Doc. 805) is DENIED.

IT IS SO ORDERED.  Dated this 20th day of March, 2023.

                                          __s/ John W. Broomes_____
                                          JOHN W. BROOMES
                                          UNITED STATES DISTRICT JUDGE