IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 13-10112-1-JWB

GERALD BEASLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for compassionate release. (Doc. 835.) The motion has been fully briefed and is ripe for decision.[1] (Doc. 836.) For the reasons provided herein, Defendant's motion is DENIED.

**I.    Facts**

On August 7, 2017, Defendant entered a guilty plea to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and one count of possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Doc. 515.) Pursuant to the Fed. R. Crim. P. 11(c)(1)(C) agreement, the parties recommended that Defendant be sentenced to a term of 108 months imprisonment. (*Id.*) The court agreed with the recommendation and sentenced Defendant on November 21, 2017. (Doc. 588.) According to the Bureau of Prisons, Defendant's earliest possible release is July 15, 2025. (Doc. 836 at 2.)

On September 23, 2020, Judge Thomas Marten denied Defendant's motion for compassionate release on the basis that the sentencing factors did not support a reduction. (Doc. 765.) On November 2, 2021, Defendant filed a second motion for compassionate release arguing

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

that release was warranted due to his long-term health problems after contracting COVID-19, his other health conditions, and the continuing COVID-19 pandemic.  (Doc. 787.)  The undersigned denied the motion on the basis that the sentencing factors did not support a sentence reduction.  (Doc. 793.)  On March 2, 2022, the Tenth Circuit affirmed this court's decision.  (Doc. 798.)

On January 17, 2023, Defendant filed his third motion for compassionate release arguing for a reduction of his sentence to time served or home confinement because of his age, medical conditions, and an alleged lack of adequate medical care.  The court denied the motion.  (Doc. 816.)  The Tenth Circuit again affirmed this court's decision.  (Doc. 833.)  Defendant has now filed his fourth motion for compassionate release.  While he mentions his health and incorporates his previous motion, Defendant primarily argues that the conditions at Leavenworth are unsuitable to him and that he is being neglected by the staff.  The government asserts that his motion should be denied.

**II.    Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions."  *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…."  Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction.  *McGee*, 992 F.3d at 1041.  The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted[2] all administrative rights to appeal a failure of the [BOP] to bring a

---

[2] The government concedes that Defendant has exhausted his administrative remedies here.

2

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III.    Analysis**

Here, the court will proceed directly to the sentencing factors. Some of the sentencing factors the court must consider include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

As stated in a prior order, Defendant was involved in large scale distribution of cocaine beginning in June 2013. Defendant stored cocaine at his residence and sold it from his home and a restaurant he owned. Defendant also carried a High Standard Derringer handgun because of his

"drug dealing business." (Doc 581 at 20.) As noted by Judge Marten, this was a large-scale narcotics operation involving cocaine and the search of his home revealed additional illegal substances including heroin, crack cocaine, and marijuana. (Doc. 765 at 2-3.) Notably, the search warrant at one residence resulted in the seizure of "more than 200 grams of cocaine, as well as heroin, crack cocaine, marijuana, and another firearm." (Doc. 581 at 20.) Further, the search warrants of two residences and the restaurant resulted in the seizure of $346,000 in United States currency. (*Id.* at 17.) Defendant was given a sentencing enhancement for being an organizer or leader of the criminal activity. (*Id.* at 21.)

Although Defendant recognizes the severity of his crimes, Defendant argues that the conditions at Leavenworth are not suitable for someone suffering from medical issues.[3] Defendant states that staff doesn't respond promptly to medical concerns, there are leaky pipes and mold in certain areas of the prison, officers smoke in the prison which affects his condition, and he has to navigate several stairs which is difficult given his health conditions. Defendant argues that the conditions amount to cruel and unusual punishment. (Doc. 835 at 2.) Notably, BOP online records show that Defendant is currently in custody in a Residential Reentry Facility in Kansas City, Kansas. BOP Prisoner Search, https://www.bop.gov/mobile/find_inmate/byname.jsp (accessed July 23, 2024). Therefore, his complaints about the Leavenworth facility are moot. In any event, such constitutional complaints are not appropriate for a motion for compassionate release. *See United States v. Thompson*, No. 20-20062-01-DDC, 2023 WL 7157491, at *3 (D. Kan. Oct. 31, 2023) (citing *United States v. Lougee*, No. 14-20068-05-DDC, 2022 WL 2064893, at *2 n.3 (D. Kan. June 8, 2022); *United States v. Quijada-Castillo*, No. 3:19-CR-20-CRS, 2021 WL 1930710,

---

[3] Defendant incorporates his previous arguments regarding his health. The court declines to address these arguments as they were not fully briefed. Further, the court incorporates its prior reasoning and would deny the motion for the reasons stated therein. (Docs. 793, 816.)

at *4 (W.D. Ky. May 13, 2021) ("Redress for perceived cruel and unusual punishment is not properly sought under the First Step Act's compassionate release provision, as the statute does not contemplate a reduction in sentence or release to compensate for past government actions."); *United States v. Pooler*, No. 3:18-cr-00137, 2020 WL 7046964, at *7 (S.D. Ohio Dec. 1, 2020)).

Given Defendant's criminal conduct discussed herein, the court finds that reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment for the offense. The court finds that the imposed 108-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

### IV. Conclusion

Defendant's motion for compassionate release (Doc. 835) is DENIED.

IT IS SO ORDERED. Dated this 26th day of July, 2024.

                                                  __s/ John W. Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE